IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Turquoise Corry,<br><br>Plaintiff,<br><br>v.<br><br>Freightliner Custom Chassis Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No. 7:25-cv-12811-DCC-KFM<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant's partial motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 10. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to United States Magistrate Judge Kevin F. McDonald for pretrial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge issued a Report recommending that Defendant's motion be granted. ECF No. 15. Plaintiff filed objections to the Report, and Defendant filed a reply. ECF Nos. 16, 20.

## I. APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. *Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify, in whole or in part, the recommendations made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court will review the Report only for clear error in the absence of an objection. *Diamond v. Colonial Life &*

*Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks and citation omitted)).

## II. ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Because Plaintiff has filed objections to the Report, the Court's review has been de novo. *See* ECF No. 16.

Plaintiff filed this lawsuit against Defendant, her former employer, alleging that she was wrongfully terminated from her position in retaliation for "her workplace injury, requests for and use of medical leave as an accommodation, and pursuit of workers' compensation benefits." ECF No. 1-1 at 4–7. Plaintiff brings claims for interference and retaliation under the Family and Medical Leave Act ("FMLA"), retaliation in violation of the Americans with Disabilities Act ("ADA"), and retaliation in violation of South Carolina's workers' compensation laws. *Id.* at 7–10. Defendant filed the pertinent motion to dismiss arguing that Plaintiff failed to properly state claims for FMLA interference, FMLA retaliation, and ADA retaliation. ECF No. 10. The Magistrate Judge recommends granting Defendant's motion. ECF No. 15. The Court addresses each claim in turn.

### A. FMLA Interference

To bring a claim for FMLA interference, a plaintiff must show that she was entitled to an FMLA benefit; her employer interfered with her right to that benefit; and that she suffered harm due to the interference. *Adkins v. CSX Transp., Inc.*, 70 F.4th 785, 796

(4th Cir. 2023). The Magistrate Judge found Plaintiff did not plead sufficient facts to bring this claim and recommends dismissing it for three reasons: (1) Plaintiff failed to sufficiently allege entitlement to an FMLA benefit; (2) Plaintiff failed to allege sufficient facts to show that she requested medical leave from Defendant; and (3) Plaintiff failed to plead sufficient facts to show she suffered any harm from the alleged interference. ECF No. 15 at 7–8. Plaintiff objects to each reason and specifically argues that her factual allegations "plausibly indicate [ongoing] medical treatment and functional limitation" entitling her to FMLA benefits, establish that notice was given to Defendant of this entitlement, and show prejudice to Plaintiff from Defendant's failure to avail Plaintiff of her FMLA rights. ECF No. 16 at 3.

As explained in more detail by the Magistrate Judge, Plaintiff bases her entitlement to FMLA benefits on the regulations qualifying "conditions requiring multiple treatments" and "incapacity and treatment." ECF No. 15 at 4–7 (citing 29 C.F.R. § 825.115(a), (e) (2025)). Both qualifying categories require, among other things, "a period of incapacity of more than three consecutive, full calendar days." *Id.* "Incapacity" is defined as an "inability to work . . . due to the serious health condition, treatment therefore, or recovery therefrom." 29 C.F.R. § 825.113(b) (2026). Plaintiff does not allege any period where she was unable to work due to her work-related injury, other than leaving "early" on the day the injury occurred. ECF No. 1-1 at 5. Plaintiff alleged she needed a period of leave for an unrelated COVID-19 illness, but as the Magistrate Judge explained, Plaintiff did not plead any facts about this illness that would push it beyond the cold and flu exclusion of 29 C.F.R. § 825.113(c)–(d) (2026), nor did she plead any specific facts about this leave

such as whether the leave was actually requested, ultimately taken, or its duration. *See* ECF No. 1-1 at 5.

In addition, Plaintiff did not plead with any specificity how or when she requested leave from Defendant for her work-related injury. The employee holds the initial burden of triggering the FMLA by adequately and affirmatively notifying her employer of a need for medical leave, absent exceptional circumstances that are not pled here. *See Rhoads v. FDIC.*, 257 F.3d 373, 382–83 (4th Cir. 2001); *Shoemaker v. Alcon Lab'ys, Inc.*, 741 F. App'x 929, 932 (4th Cir. 2018) (unpublished) (upholding the district court's rejection of an FMLA interference claim because "there was no leave request"). Plaintiff merely relies on Defendant's alleged knowledge of her work-related injury and her conclusory and nonspecific allegations that she requested leave to establish notice. *See* ECF No. 16 at 4. These allegations are insufficient to meet her burden.

Finally, and as the Magistrate Judge explained, the FMLA "provides no relief unless the employee has been prejudiced by the violation." *Vannoy v. Fed. Rsrv. Bank of Richmond*, 827 F.3d 296, 302 (4th Cir. 2016) (quoting *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002)). Here too Plaintiff's pleadings lack sufficient support. Plaintiff asserts she was deprived of making informed decisions about her employment and medical leave. *See* ECF No. 1-1 at 6. Plaintiff has not sufficiently alleged she requested leave, and even if she did, she did not allege any specifics about how she would have changed the structure of that request to establish prejudice. *Cf. Vannoy*, 827 F.3d at 303 (explaining the employee there's contention that "had he known of his right to reinstatement at the conclusion of leave, he would have taken the full 30-day leave of absence" to obtain treatment he alleged was needed).

Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's claim for FMLA interference is insufficient to withstand Defendant's motion. However, the Magistrate Judge also recommends dismissing this claim without prejudice so that Plaintiff may seek leave to amend her complaint and provide more detailed factual allegations on this claim. The Court agrees with this additional recommendation and dismisses the claim without prejudice.

**B. FMLA Retaliation**

To establish a claim for FMLA retaliation, a plaintiff must show "that he engaged in protected activity, that the employer took adverse action against him, and that the adverse action was causally connected to the plaintiff's protected activity." *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 551 (4th Cir. 2006). The Magistrate Judge concluded Plaintiff's retaliation claim had similar deficiencies to her interference claim, namely that Plaintiff failed to plead facts showing that she engaged in protected FMLA activity. ECF No. 15 at 9–10. Plaintiff again objects and contends that her alleged ongoing treatment and "prior requests for leave" are sufficient to show she was engaged in protected FMLA activity. ECF No. 16 at 6.

As explained above, the Court finds these allegations insufficient to show Plaintiff was entitled to FMLA benefits, requested leave from Defendant, or took FMLA-qualifying leave. *See Yashenko*, 446 F.3d at 551 (stating that the undisputed protected activity there was that the employee took FMLA leave). Plaintiff is correct that causation can sometimes be inferred based on temporal proximity between a protected activity and termination. ECF No. 16 at 6. However, Plaintiff must still sufficiently plead that she was engaged in a protected activity before turning to causation. Because she failed to do so,

the Court agrees with the Magistrate Judge's recommendation to dismiss this claim. Like Plaintiff's interference claim, the Court also agrees with the additional recommendation to dismiss this claim without prejudice.

**C. ADA Retaliation**

To sufficiently plead an ADA retaliation claim, a plaintiff must allege that she was engaged in protected conduct, she endured an adverse action for it, and that causation exists between the protected conduct and the adverse action. *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 350 (4th Cir. 2011). The Magistrate Judge concluded that Plaintiff failed to plead any ADA accommodation sufficient to sustain this claim because the only alleged "accommodation" referenced in her complaint is medical leave. ECF No. 15 at 10–11. Plaintiff objects to this conclusion and claims that medical leave is not the only accommodation she sought from Defendant because her work-related injury "caused difficulty walking and performing routine job-related activities" and she communicated these limitations to her employer but was not provided restrictions or accommodations. ECF No. 16 at 6–7.

Plaintiff's pleading does not contain factual support for these allegations. The complaint as it stands is structured on Plaintiff's conclusory allegations that she requested FMLA-qualifying leave and that Defendant denied her that leave before subsequently terminating her. As the Magistrate Judge explained, "courts have ruled that a plaintiff's request for time off does not qualify as a request for accommodation." *Granda v. Old Dominion Freight Line, Inc.*, No. 3:19-cv-03294-JMC, 2021 WL 4472743, at *6 (D.S.C. Sept. 30, 2021) (collecting cases). Therefore, the Court agrees with the Magistrate

Judge's recommendation to dismiss this claim. The Magistrate Judge recommends dismissing this claim with prejudice and the Court concurs.

## III. CONCLUSION

Accordingly, upon review, the Court agrees with the recommendation of the Magistrate Judge, adopts the Report, and incorporates it by reference. Defendant's motion for partial dismissal [10] is **GRANTED**. Plaintiff may request leave to amend her complaint on the claims dismissed without prejudice within 30 days.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 21, 2026
Spartanburg, South Carolina